UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| CYNTHIA THORPE, as Next of Friend And On behalf of D.T., a minor child,     Thorpe<br><br>v.<br><br><br>BREATHITT COUNTY BOARD OF EDUCATION, et al.,     Defendants | CIVIL ACTION NO. 5:11-294<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion for Summary Judgment by Defendants Breathitt County Board of Education, Charles Mitchell, Arch Turner, and Reggie Hamilton. (DE 27). This action stems from Plaintiff's allegations of sexual harassment and abuse at Sebastian Middle School, which is within the Breathitt County Kentucky School System. Defendants assert that all claims against them in their official capacity, as well as the state law claims against the Breathitt County Board of Education, should be dismissed. While discovery is not complete, Plaintiff cannot succeed on these claims as a matter of law. The Court therefore will grant the motion and award summary judgment on these claims to Defendants.

    **I. Background**

In 2010 and 2011, D.T., a minor, was a student at Sebastian Middle School in Breathitt County, Kentucky. (Complaint, DE 1 at 7). There, D.T. was a student of Defendant Charles Mitchell. (*Id.*). Plaintiff alleges that beginning in 2010 and continuing into 2011, Mitchell made sexual advances toward D.T. "including but not limited to grossly inappropriate touchings, flirtations, email transmittal of pornographic material depicting his genital and constant text

messaging inducing her to engage in sexual intercourse." (DE 1 at 7). Plaintiff alleges that "many of these advances" occurred at the school building and classroom during school hours or at school functions outside the school building. (*Id.*). According to Plaintiff, there were prior complaints about Mitchell from students, teachers, and parents, yet Mitchell was only warned about his conduct. (*Id.*). Plaintiff alleges that no further action was taken by the superintendent of the Breathitt County School System, Arch Turner, or by the principal of Sebastian Middle School, Reggie Hamilton, and so the advances against D.T. continued. (*Id.*).

Plaintiff has sued Charles Mitchell, Arch Turner, Reggie Hamilton, and John and Jane Doe employees of the Breathitt County Board of Education, all in their individual and official capacities. The Complaint also names the Breathitt County Board of Education as a defendant, and alleges five counts: 42 U.S.C. § 1983 claims for violations of rights under the Fourth and Fourteenth Amendment; Title IX claim (20 U.S.C. § 1681 *et seq.*) for quid pro quo sexual harassment and hostile education environment; intentional infliction of emotional distress; and violations of the Kentucky Constitution and unnamed Kentucky Revised Statutes "through the series of misdeeds stated herein." (DE 1). The Defendants have moved for summary judgment on all claims against Mitchell, Turner, and Hamilton in their official capacities and all state claims against the Board of Education.

## II. Analysis

"Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Mazur v. Young*, 507 F.3d 1013, 1016 (6th Cir. 2007)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)). Under Rule 56 of the Federal Rules of Civil Procedure, a court may grant

2

summary judgment on some, but not, all claims in a case. Fed. R. Civ. P. 56(a)("A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.")

### A. Official-Capacity § 1983 Claims Against Mitchell, Turner, and Hamilton

Defendants first seek summary judgment on Thorpe's official-capacity § 1983 claims. Because Thorpe has also asserted a claim against the Board of Education, these official-capacity claims are duplicative. Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)(quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). As a result, when a § 1983 complaint asserts a claim against a municipal entity and a municipal official in his or her official capacity, federal courts will dismiss the official-capacity claim. *Doe v. Claiborne Cnty, Tenn. By & Through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996)(affirming district court's dismissal of official-capacity suits); *Baar v. Jefferson County Bd. of Educ.,* 686 F.Supp.2d 699, 704 (W.D. Ky. 2010)("In the Eastern and Western Districts of Kentucky, however, judges have adopted the practical approach of dismissing the official capacity claims.")

The Court will do the same here. In addition to suing the Board of Education, Thorpe also has sued Mitchell, Turner, and Hamilton in their individual and official capacities as current or former employees of the Board of Education. Thorpe has conceded that these official-capacity suits represent alternative pleadings under § 1983. (DE 36 at 6). Therefore, the Court

will dismiss the official-capacity claims. Thorpe may still pursue the § 1983 claim against the Board of Education and the claims against Defendants in their individual capacities.

### B. State Law Claims

Defendants also argue that governmental immunity bars the state law claims against the Board of Education and the state law claims against Mitchell, Turner, and Hamilton in their official capacities. The Board of Education enjoys governmental immunity against damages for its governmental, as opposed to proprietary, functions. *Yanero v. Davis*, 65 S.W.3d 510, 519-20 (Ky. 2001). As Thorpe acknowledges, Mitchell, Turner, and Hamilton, when sued in their official capacities, enjoy the same immunity, if any, to which the Board of Education is entitled. (DE 36 at 7). Thorpe, however, argues the Board of Education was performing a proprietary function rather than a governmental function.

Viewed in the light most favorable to Thorpe, the Complaint does not allege the Board of Education performed a proprietary function. Proprietary functions include "corporate acts" or acts occurring when a government agency "is engaged in a business of a sort theretofore engaged in by private persons or corporations for profit." *Yanero*, 65 S.W.3d at 520 (internal quotation marks and citation omitted). Governmental functions are those that are integral to government. *Id.* Thorpe's state law claims are based on allegations that Mitchell, while employed as a teacher, sexually harassed and abused a student on school grounds during school hours and at school functions. Obviously, the alleged acts are abhorrent, but Mitchell was employed in the governmental function of teaching school. *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 ("[I]n recent cases we have held that education is an integral aspect of state government and that activities in direct furtherance of education will be deemed governmental rather than proprietary."); s*ee also C.K. v. Bell Cnty. Bd. of Educ.*, 839 F. Supp. 2d at 885 (holding that in

case where teacher was accused of molesting student on school grounds during school hours, teacher was employed in governmental function). Similarly, Turner and Hamilton were employed in the governmental function of overseeing the school and school system in question. Because it was engaged in a governmental function, the Board of Education enjoys immunity on the state law claims. Like the Board of Education, Mitchell, Turner, and Hamilton are immune from any official-capacity claims on state law grounds. Thorpe, however, may still pursue the individual-capacity claims against Mitchell, Turner, and Hamilton.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that the motion for partial summary judgment by the Board of Education, Mitchell, Turner, and Hamilton (DE 27) is GRANTED in favor Defendants on the following claims:

(1) Official-capacity § 1983 claims against Charles Mitchell, Arch Turner, and Reggie Hamilton;

(2) Official-capacity state law claims against Charles Mitchell, Arch Turner, and Reggie Hamilton; and

(3) State law claims against the Breathitt County Board of Education.

All of Plaintiff's other claims, including the federal claims against the Board of Education and the individual-capacity § 1983 and state law claims against Charles Mitchell, Arch Turner, and Reggie Hamilton, remain active.

This 22nd day of March, 2013.



Signed By:
*Karen K. Caldwell*
United States District Judge